Mr. Kit Williams, Esq. Fayetteville City Attorney
113 W. Mountain, Suite 302 Fayetteville, Arkansas 72701-6083
Dear Mr. Williams:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA"). You submit your request pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation or job performance records to seek an opinion from this office stating whether the custodian's decision to release (or withhold) such records is consistent with the FOIA. You report having received a FOIA request for two sets of documents relating to a single employee. First, the requestor seeks the employee's "personnel file." Second, the requestor seeks what you describe as the employee's "termination records."
RESPONSE
My duty under subsection 25-19-105(c)(3)(B)(i) is to state whether the decision of the custodian of records is consistent with the FOIA. As an initial matter, it is unclear to me whether the custodian has even made a decision for me to review. On the one hand, your opinion request states that the records custodian has "analyzed the . . . [relevant] termination records and general personnel file and decided these should . . . be released through the Freedom of Information Act." On the other hand, the documents you have attached are replete with unredacted information that the FOIA clearly requires custodians to redact. If the custodian's failure to make obvious redactions indicates that the custodian has not yet decided what to redact, then the custodian has not arrived at a decision for me to review. If, *Page 2 
however, the custodian has considered whether to redact information and has decided nothing needs redacting, then the custodian's decision is inconsistent with the FOIA in several respects. Because I am unsure whether the custodian has even made a final decision, I will not review each document. Instead, I will simply point out three general issues that arise repeatedly in the attached material.
First, many pieces of information must be redacted from the various documents you have provided. This office has consistently indicated that certain pieces of information cannot be released under the FOIA. Some of those items include: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); any information identifying certain law enforcement officers currently working undercover (A.C.A. § 25-19-105(b)(10)); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080). This list is not exhaustive of the items this office has opined must be redacted. You should also review the opinion I issued last week to the city's Director of Human Resources regarding whether the custodian must redact the name of a person who is specifically named in an employee evaluation record of an entirely separate employee. See Op. Att'y Gen. 2009-165.
Second, aside from the many discrete pieces of information that the custodian has failed to redact, there are several pages of information that the records custodian has errantly classified as a "personnel record." The FOIA provides two exemptions for items normally found in employees' files: personnel records and employee evaluation records.[1] In the opinion I issued last week regarding similar matters, I explained the definitions for both types of documents. See Op. Att'y Gen. 2009-165. A single document cannot be a person's personnel record and, simultaneously, be that same person's employee evaluation record. In this *Page 3 
instance, there are at least four sets of documents the custodian has classified as personnel records that are actually employee evaluation records. The custodian must determine whether those employee evaluation records are responsive to the FOIA request, and whether the test for their release has been met. At least one of the employee evaluation records cannot be released because the disciplinary record did not result in suspension or termination. Again, for a discussion of the relevant definitions and tests for release of personnel records and/or employee evaluations, see Opinion No. 2009-165.
Finally, I should also note that the custodian must determine whether any or all the records she has classified as "termination records" are properly defined as employee evaluation or job performance records, records of an ongoing law enforcement investigation (A.C.A. § 25-19-105(b)(6) (Supp. 2009)), or perhaps both.[2] My review is, of course, limited to personnel and employee evaluation records. See
A.C.A. § 25-19-105(c)(1) (Supp. 2009). In reading the attached documents, I cannot determine whether the set of records the custodian characterizes as "termination records" were prepared by or at the behest of the employer, which, as explained in Opinion No. 2009-165, is a requirement for categorizing a record as an employee evaluation or job performance record. As for any documents that are not records of an ongoing law enforcement investigation,see n. 2, supra, the custodian must determine whether each such document qualifies as an employee evaluation or job performance record. Again, please see the above-cited opinions for the definitions and test for release of such records. *Page 4 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 181-82 (4th ed., m m Press 2004).
[2] Documents that constitute records of an ongoing law enforcement investigation must be withheld from disclosure pursuant to subsection 25-19-105(b)(6) until the investigation is completed. See generally Op. Att'y Gen. Nos. 2002-005, 97-079, 95-351, 93-055, 91-100; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, 114-126 (m m Press, 4th ed., 2004). As noted in Op. Att'y Gen. 2002-005, the law enforcement investigation exemption pertains to criminal investigations and does not shield the records of an employer's internal investigation into an employee's job performance unless the latter records are also part of a law enforcement investigation into suspected criminal activity, and the records are in fact investigative in nature.